*October 15.
The PRESIDENT
delivered the opinion of the Court.*
It cannot now be doubted, after repeated decisions of this Court, that from the refusal of a Chancellor to re-instate an Injunction upon new proofs of the allegations of a Bill, an appeal lies to any one of the Judges of this Court, and that the Chancellor erred in this case in dissolving the Injunction, on the ground that the order made by one of the Judges of this Court, re-instating the Injunction, was coram non judice. But unless the rules of pleading in Chancery are to be totally disregarded, he was correct in dissolving the Injunction, though ordered by a Judge of this Court.
The Bill, although it prays relief, is purely a Bill of Discovery, upon the express ground, that the Plaintiff was entirely ignorant of any testimony to prove its allegations, without the Answer ox the Defendant Couch, with whom the contract, to be set-off against the Judgment at Law, is alleged to have been made. His Answer makes no discoyery, but on the contrary negatives all the material allegations in •the Bill: but, if it had not, upon the proofs in the Record, a Court of Equity would have afforded no relief. The ground for relief is unliquidated damages for a substantive injury, the remedy for which was by a suit at Law, there being no impediment to it. It was nota matter of account, to be adjusted and set-off, either in the Court of Law in which, the Judgment was rendered, or in a Court .of Equity. The order dissolving the Injunction is therefore affirmed.

Absent, Junen Coalter.